OPINION OF THE COURT
Leo F. Hayes, J.
Petitioner was convicted of driving while intoxicated on July 8,1980. He was sentenced to a conditional discharge, the condition being that he enroll and satisfactorily complete the rehabilitation school established pursuant to article 21 of the Vehicle and Traffic Law. Petitioner completed the school as required.
On June 29, 1984, the 1980 conviction was vacated by Hon. John T. Buckley, Oneida County Court Judge.
Petitioner was again arrested for driving while intoxicated on June 26, 1983, and ultimately pleaded guilty to that charge. On June 22, 1984, his license was revoked by the Department of Motor Vehicles.
Petitioner wants to enroll in the rehabilitation program — which would allow him driving privileges — but has been informed by respondent’s agents that he is ineligible because he has previously participated in the program.
In its motion to dismiss the petition, the respondent cites section 521 (subd 1, par [c]) of the Vehicle and Traffic Law *943 which provides in pertinent part: “no person shall be permitted to take part in such program if, during the five years immediately preceding conviction for an alcohol or drug-related traffic offense, such person has participated in a program established pursuant to this article.”
Petitioner thinks CPL 160.60 controls this situation. This provision restores an accused to the status he occupied before his arrest in cases where the prosecution is ultimately terminated in his favor. CPL 160.50 (subd 2, par [f]) says that a criminal proceeding is terminated in favor of a person when an order is entered vacating a prior judgment against him.
Giving effect to both pieces of legislation requires that the Department of Motor Vehicles restore petitioner to his status before he attended the rehabilitation program in 1980.
Accordingly, the court must deny the respondent’s motion to dismiss the petition and direct that it serve its answering papers.